JUNJI SUZUKI (SBN 184738)
junji@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP, LLP
230 California Street, Suite 415
San Francisco, CA 94111
Telephone: (415) 618-0090
Facsimile: (415) 618-0190
Attorney for Applicant,
Tokyo University of Social Welfare

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of<br><br>TOKYO UNIVERSITY OF SOCIAL WELFARE,<br><br>　　　　　　　　　　　Applicant. | Case No:  3:21-mc-80102<br><br>**EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDING AND MEMORANDUM IN SUPPORT** |

Applicant, Tokyo University of Social Welfare ("TUSW"), an educational corporation organized and existing under the laws of Japan, hereby applies to this Court ex parte for an order permitting discovery from Twitter, Inc. ("Twitter") for use in a court proceeding in Japan pursuant to 28 U.S.C. § 1782.

The proposed subpoena attached to this application seeks from Twitter documents and information relating to certain Twitter Account through which certain anonymous statements which, under Japanese law, constitute defamation against TUSW and unlawful interference with TUSW's business were made.

This application is supported by the accompanying declaration of Yohei Shimizu ("Shimizu Decl."), an attorney in Japan who represents TUSW in connection with an anticipated lawsuit in Japan against those who made the unlawful statements, providing his

-Page 1 of 8-

**In re Ex Parte Application of Tokyo University of Social Welfare**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

opinion to assist this Court in determining the scope of access logs reasonably required to identify anonymous perpetrators by using access logs.

## I. BACKGROUND

TUSW provides undergraduate and graduate school programs in Japan aiming for international social work and contribution. On or about December 15, 2020, certain statement concerning TUSW as described in Exhibit A attached to Shimizu Decl. (the "Subject Tweet") was posted by a Twitter user under the name of "@yesmanyurusanai" on Twitter at https://twitter.com/yesmanyurusanai/status/1338727109640900608 through the said user's Twitter account located at https://twitter.com/yesmanyurusanai (the "Subject Twitter Account"). The Subject Tweet was posted with offensive and false statement of fact about TUSW. Shimizu Decl. ¶ 4. The Subject Tweet falsely claims that the deviation measurement value (called "Hensachi"[1] in Japanese used to measure academic performance and difficulty in passing entrance exams for universities) for TUSW has deteriorated and TUSW has failed to function as an educational place. Contrary to such false claim, the deviation value for TUSW has actually improved as shown in the recently published statistics, a copy of which is attached hereto as Exhibit B (the "Statistics") to Shimizu Decl. Shimizu Decl. ¶ 4. "B Rating" in the Statistics indicates the "B Rating" deviation value, which means that the possibility of applicants with such deviation value being accepted by a school is between 60% and 80 %[2]. The Statistics show that B Rating for TUSW has improved over the recent years.

According to TUSW's Japanese attorney, the Subject Tweet was posted for harassment purposes and constitute defamation and unlawful business interference under Japanese law. *id*. ¶ 5.

---

[1] "Hensachi" in Japanese, is deviation value used to measure academic performance and difficulty in passing entrance exams for universities. See https://en.wikipedia.org/wiki/Truly_Strong_Universities; https://en.wikipedia.org/wiki/Going_broke_universities_%E2%80%93_Disappearing_universities; https://en.wikipedia.org/wiki/Standard_score
[2] https://manabi.benesse.ne.jp/lab/benesse/assess/moshi/qa/answer14.html

-Page 2 of 8-

**In re Ex Parte Application of Tokyo University of Social Welfare**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

Therefore, TUSW intends to bring a lawsuit in Japan against the person(s) associated with the Subject Twitter Account as soon as the person(s)' identities have been ascertained through the discovery sought by this application. *id.* ¶ 6.

In order to identify the person(s) who committed unlawful acts against TUSW through the Subject Twitter Account, it is crucial for TUSW to obtain the information relating to the Subject Twitter Account. *id.* ¶ 7.

## II.   ARGUMENT

### A.   Legal Standard

An applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at*1.

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: "(1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May 2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

//

//

**In re Ex Parte Application of Tokyo University of Social Welfare**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

**B.   TUSW's Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782.**

**1.   Twitter From Whom Discovery Is Sought Is Located in This District.**

Twitter, from whom the discovery requested in this application is sought, is located in San Francisco, California[3].  Therefore, Twitter is within this Court's district.

**2.   The Requested Discovery Is for Use in a Proceeding in Japan.**

The discovery requested in this application must be use in a proceeding before a foreign tribunal.  The foreign proceeding needs not actually be under way before 28 USC § 1782 may be invoked. It is enough that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc., supra,* at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

TUSW intends to bring a lawsuit in Japan against the person associated with the Twitter accounts in question as soon as the person's identity has been ascertained through the discovery sought by this application.  Shimizu Decl.  ¶ 6.  Thus, the requirement that the discovery be for use in a foreign proceeding is met.

**3.   TUSW is Interested Party under 28 U.S.C. § 1782, Who May Make This Application.**

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any interested person."  As plaintiff in the anticipated litigation in Japan, TUSW is clearly an interested person under 28 U.S.C. § 1782.

**C.   TUSW's Application Further Meets All of the Discretionary Factors under *Intel*.**

**1.   Twitter Is Not Participant in the Foreign Proceeding.**

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264.  If the person is a participant,

---

[3] https://investor.twitterinc.com/corporate-governance/contact-the-board-/default.aspx.

-Page 4 of 8-

**In re Ex Parte Application of Tokyo University of Social Welfare**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

1   "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is
2   sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has
3   jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id*.
4   "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's
5   jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable
6   absent § 1782(a) aid." *Id*.

7   Twitter is not a participant in the prospective Japanese lawsuit. Shimizu Decl. at ¶ 14.
8   Additionally, the documents that TUSW seeks are located in the United States and not in
9   Japan.  Thus, they are out of reach of the Japanese court's jurisdiction.

**2.   The Requested Information Is Crucial to TUSW's Bringing Lawsuit in Japan and the Japanese Courts Would Be Receptive to this Court's Assistance.**

12   "A court presented with a § 1782(a) request may take into account the nature of the
13   foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the
14   foreign government or the court or agency abroad to U.S. federal-court judicial assistance."
15   *Intel.* at 264.

16   In order to identify the person who committed unlawful acts against TUSW through the
17   Subject Twitter Account for purposes of bring a lawsuit against him in Japanese court, it is
18   crucial for TUSW to obtain the information relevant to the Subject Twitter Account used by
19   the perpetrator. Shimizu Decl.  ¶  7.  Japanese law does not allow "John Doe defendant" in
20   civil litigation, and a plaintiff must state names and physical addresses of the all parties in the
21   complaint. Article 2 (1) of Rules of Civil Procedure (Rules of the Supreme Court of Japan No.
22   5 of 1996 ).  Shimizu Decl.  ¶ 13. Therefore, without first obtaining the information about the
23   Subject Twitter Account, TUSW may not even start a litigation. *Id.*

24   In addition, the Japanese courts would be receptive to this court's assistance. In fact, the
25   Japanese courts have been receptive to the discovery assistance made by the U.S. courts.
26   *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953,
27   *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist.
28   LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).   The TUSW's counsel, on

-Page 5 of 8-

**In re Ex Parte Application of Tokyo University of Social Welfare**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

behalf of other corporations, has obtained similar information through the § 1782(a) subpoena several times in the past proceedings, but no issue on the receptivity was raised in subsequent Japanese proceeding.   Shimizu Decl. ¶ 15.

### 3. TUSW's Discovery Request Is Not an Attempt to Circumvent Foreign Proof Restrictions or Policies.

"A district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel.* at 265.

 TUSW is not aware of any restrictions imposed by or any policies under Japanese law limiting the proof-gathering proceeding in the manner proposed and for the purposes stated herein. Shimizu Decl. ¶ 15.  In the past, courts have granted 28 U.S.C. § 1782 applications for the use in the proceedings in Japan, both civil and criminal, as well.  *Marubeni Am. Corp.* at 98; *LG Elecs. Deutschland GMBH*, *5; *Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office)*, 16 F.3d 1016, 1018-1019, 1994 U.S. App. LEXIS 2440, *3-6, 94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28 Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994).

### 4. TUSW's Request Is Narrowly Tailored to Highly Relevant Information and Not Unduly Intrusive or Burdensome.

"Unduly intrusive or burdensome requests may be rejected or trimmed."   *Intel.* at 265.

As shown in the proposed subpoena to Twitter attached to the proposed order submitted with this application, the discovery requested by TUSW is narrowly tailored and limited to the discovery materials related to the Subject Twitter Account through which the identity of the defendant(s) to the anticipated Japanese lawsuit could be ascertained and nothing further.

First, the proposed subpoena does not seek disclosure of the content of any communications associated with the Subject Twitter Account.  *Optiver Australia Pty. Ltd. v.Tibra Trading Pty. Ltd.,* Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 et seq).

-Page 6 of 8-

**In re Ex Parte Application of Tokyo University of Social Welfare**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

Second, the proposed subpoena only seeks disclosure of names and addresses of the person(s) whose credit card is associated with each of the Subject Twitter Account. It does not seek disclosure of credit card numbers or any other sensitive information. *In re Medical Corporation H&S*, Case No. 5:19-mc-80058-VKD, N.D. Cal. May 15, 2019 (admitted that applicant seeks disclosure of name and address of credit card holder registered on Twitter Account).

However, it is highly unlikely that the perpetrators have provided their true name and address to Twitter. Thus, the names and addresses Twitter may have on file in connection with the Subject Twitter Account, even if they are disclosed in response to the proposed subpoena, would be fictitious with high probability and would not help TUSW identify the perpetrators. In such case, an access log is the only available information that could identify the perpetrators. See Shimizu Decl. ¶ 7-12.

The access log at the time of the posting alone, assuming it fortunately exists, may be incomplete or insufficient to identify the perpetrator. *Id* ["Twitter often records only time stamps (not IP addresses) at the time of each posting"]. In case of Twitter, if a user deactivates the account, data for the deactivated account would only be available for 30 days after deactivation[4]. In addition, in case that the perpetrator used special tools for anonymization such as Tor (The Onion Router), the access log at the time of posting would not reveal sufficient information for identifying. *Id*. From Twitter's perspective, it is neither unduly intrusive nor burdensome to disclosure *all* access logs, in lieu of the log at the time of posting. Providers such as Twitter routinely delete old access logs and keep only fresh access logs for the most recent several months. In fact, it is more burdensome for Twitter to have to search for the particular access log containing all the information necessary to identify the perpetrator.

Furthermore, access logs contain no private information of the Subject Twitter Accounts. Access logs only disclose time stamps (showing when the Subject Twitter Account

---

[4] https://help.twitter.com/en/managing-your-account/how-to-deactivate-twitter-account

**In re Ex Parte Application of Tokyo University of Social Welfare**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

holder accessed) and IP addresses. Any other private information (e.g. information about what websites the holders may have accessed, what action they took, etc.) is not disclosed.

Therefore, TUSW's request is narrowly tailored to highly relevant information and not unduly intrusive or burdensome.

## III. CONCLUSION

For the reasons stated above, TUSW respectfully requests that this Court grant this application and permit that it issues the subpoena to Twitter attached to the proposed order submitted with this application.

Dated: April 27, 2021        Respectfully submitted,

MARSHALL SUZUKI LAW GROUP, LLP

By: _____
Junji Suzuki
Attorney for Applicant,
Tokyo University of Social Welfare

-Page 8 of 8-
**In re Ex Parte Application of Tokyo University of Social Welfare**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support