UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOKYO UNIVERSITY OF SOCIAL WELFARE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TWITTER, INC.,<br><br>　　　　　Defendant. | Case No. 21-mc-80102-DMR<br><br>**ORDER ON EX PARTE APPLICATION FOR ISSUANCE OF AN ORDER UNDER 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Petitioner Tokyo University of Social Welfare ("Tokyo University") filed an ex parte application seeking permission to issue a subpoena to Twitter, Inc. ("Twitter") pursuant to 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings. [Docket No. 1.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). Having considered the papers and the relevant legal authority, the court grants the application.

## I.   BACKGROUND

Tokyo University filed this application seeking discovery in aid of foreign proceedings that it plans to initiate to challenge a December 2020 tweet posted on Twitter that it contends is defamatory under Japanese law. Tokyo University provides undergraduate and graduate programs in "international social work and contribution" in Japan. [Docket No. 2 (Shimizu Decl. Apr. 27, 2021) ¶ 4.] On December 15, 2020, Twitter user @yesmanyurusanai posted a tweet about Tokyo University claiming that its "Hensachi," which is a measurement of academic performance and difficulty in passing entrance exams for universities, "has deteriorated" and that it "has failed to function as an educational place." [Docket No. 3 (Reynolds Decl. Apr. 27, 2021) ¶¶ 2, 3, Ex. C (translation of tweet).] Tokyo University contends this claim is false. Yohei Shimizu, an attorney for Tokyo University, states that the tweet "was posted for harassment purposes and constitutes

defamation under Japanese law." Shimizu Decl. ¶¶ 4, 5.

Tokyo University filed this application seeking leave to issue a subpoena to Twitter for documents related to identifying the user of the @yesmanyurusanai account for use in an anticipated lawsuit against the individual who posted the tweet in Japan. *Id*. at ¶¶ 6, 7. It requests all documents identifying the user(s) of the account, the names and addresses of credit card holders registered on the account, and access logs for the account. [Docket No. 5-1 (Proposed Subpoena).]

## II. LEGAL STANDARD

Tokyo University seeks discovery pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" (citation and quotations omitted)).

A district court is authorized to grant a section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Ecuador*, No. C-10-80255-CRB (EMC), 2010 WL 3702427, *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

## III.   DISCUSSION

### A.   Authority to Issue Subpoena

The court has reviewed Tokyo University's application and determines that the statutory requirements of section 1782 have been satisfied. Twitter's headquarters are in San Francisco, California, which is in this district. Second, the requested discovery is for use in a lawsuit Tokyo University intends to file in Japan against the individual(s) who posted the tweet. It is of no import that Tokyo University has not yet filed suit, as "Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings." *Intel*, 542 U.S. at 259 (rejecting view "that § 1782 comes into play only when adjudicative proceedings are 'pending' or 'imminent;'" they need only be "within reasonable contemplation."). Finally, the court concludes that Tokyo University qualifies as an "interested" party, since it plans to initiate litigation abroad.

### B.   Discretionary Factors

Having concluded that it has the authority to issue the subpoenas, the court turns to the question of whether the four discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena.

With respect to the first discretionary factor, the Supreme Court has indicated that when the party from whom discovery is sought is not a participant in the foreign proceeding, the first factor weighs in favor of granting the application. *See Intel*, 542 U.S. at 264. As the Court

3

explained:

> [W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

*Id.* (internal quotations and citations omitted). Here, Twitter will not be a party to the anticipated foreign proceedings in Japan. Shimizu Decl. ¶ 14. Tokyo University's stated goal is to identify the individual(s) responsible for the tweet to bring a lawsuit alleging defamation. *Id*. at ¶¶ 7, 13. This factor weighs in favor of the court granting leave to issue the subpoena.

As to the second factor, the nature and receptivity of the foreign tribunal, there is no indication that Japanese courts would not be willing to consider the information sought by the requested discovery, *see* Shimizu Decl. ¶ 15, and Tokyo University cites cases in which courts have granted Section 1782 discovery for use in Japanese courts. *See, e.g., Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, No. 12cv1197–LAB (MDD), 2012 WL 1836283, at *3 (S.D. Cal. May 21, 2012). With respect to the third discretionary factor, there is nothing to suggest that Tokyo University is attempting to circumvent foreign proof-gathering restrictions. Therefore, this factor weighs in favor of granting the application.

The fourth factor examines whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). Here, the proposed subpoena requests documents identifying the user(s) of the account; names and addresses of credit card holders registered on the account; and access logs for the date and time the tweet in question was posted and during the last three months from and including the date the last access log was recorded in response to the subpoena. Proposed Subpoena; *see* Shimizu Decl. ¶¶ 7-12 (explaining the relevance of the

1 requested access logs). This discovery is appropriately tailored to documents and information
2 identifying the individual(s) responsible for the tweet by the @yesmanyurusanai account.

3       These findings do not preclude Twitter from contesting the subpoena. The Ninth Circuit
4 has held that applications for subpoenas pursuant to section 1782 may be filed ex parte because
5 "[t]he witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by motions to
6 quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir.
7 1976). Given the nature of the information sought by the subpoena, the court also finds that the
8 subpoena should contain a mechanism by which the affected individual(s), i.e., the user(s) of the
9 @yesmanyurusanai account, may contest the disclosure of their personal identifying information
10 pursuant to the subpoena. Accordingly, Twitter shall serve a copy of the subpoena and a copy of
11 this order on the user(s) of the @yesmanyurusanai account within 30 days of the date of service on
12 Twitter. Twitter may serve any such individual(s) using any reasonable means, including written
13 notice sent to their last known address, transmitted either by first-class mail or via overnight
14 service.

15       Twitter and each individual associated with the @yesmanyurusanai account shall have 30
16 calendar days from the date of service upon them to file any motions in this court to contest the
17 subpoena. If the 30-day period lapses without an individual contesting the subpoena, Twitter shall
18 have 10 days to produce to Tokyo University the information responsive to the subpoena with
19 respect to that individual.

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

## IV. CONCLUSION

For the foregoing reasons, the court grants the application. Tokyo University may serve a finalized version of the subpoena attached to their application. Twitter and the individual(s) associated with the @yesmanyurusanai account shall be permitted to contest the subpoena in accordance with the procedure set forth above. Tokyo University must serve a copy of this order on Twitter at the same time as the subpoena.

**IT IS SO ORDERED.**

Dated: June 28, 2021



Donna M. Ryu
United States Magistrate Judge